1
2
3
4
5

6                  UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF WASHINGTON
7                           AT SEATTLE

8  JOHNNY DELUIS MORELO,

9                       Plaintiff,                Case No. C15-1645-MJP-BAT

10        v.                                      **REPORT AND**
                                                  **RECOMMENDATION**
11  COLOMBIA CONSULATE, et al.,

12                      Defendants.

13                           **INTRODUCTION**

14      Johnny DeLuis Morelo, an immigration detainee at the Northwest Detention Center, is

15  proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

16  He alleges that the defendants, the Colombian Consulate and Consul General Elias Silva-

17  Robayo, erroneously believe he is from Colombia.  *See* Dkt. 6.  He claims that he is from Puerto

18  Rico and that he obtained a fraudulent Colombian birth certificate during his years as a drug

19  runner.  *See id.*  He asks the Court to appeal to defendants on his behalf and inform them that the

20  only proof that he is a Colombian citizen is the fraudulent birth certificate.  *See id.*

21      Pursuant to 28 U.S.C. § 1915(e)(2), the Court has screened Mr. Morelo's complaint prior

22  to service and determined that both defendants are immune from Mr. Morelo's suit.  Because this

23  deficiency is incurable, the Court recommends that Mr. Morelo's complaint and this action be

REPORT AND RECOMMENDATION - 1

**DISMISSED** with prejudice and without leave to amend.

## DISCUSSION

A.  <u>Claims against the Colombian Consulate</u>

The Colombian Consulate is immune under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602, *et seq*. The Act provides in relevant part that "a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States" except as provided in the Act.  28 U.S.C. § 1604.  "Thus, if a defendant is a 'foreign state' within the meaning of the Act, then the defendant is immune from jurisdiction unless one of the exceptions in the Act applies." *Samantar v. Yousef*, 560 U.S. 305, 313-14 (2010) (citing 28 U.S.C. §§ 1605-1067 (enumerating exceptions)).  The Ninth Circuit has held that a consulate qualifies as a "foreign state" under the FSIA. *Joseph v. Office of Consulate General of Nigeria*, 830 F.2d 1018, 1021 (9th Cir. 1987).  Therefore, unless one of the exceptions enumerated in the Act applies, the Colombian Consulate is immune from Mr. Morelo's suit.

The FSIA codified the "restrictive theory" of sovereign immunity, under which "immunity is confined to suits involving the foreign sovereign's public acts, and does not extend to cases arising out of a foreign state's strictly commercial acts." *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 487 (1983); *see also Meadows v. Dominican Republic*, 817 F.2d 517, 522 (9th Cir. 1987).  Mr. Morelo does not complain about any commercial activity by the Colombian Consulate.  Rather, he asks that the Colombian Consulate to determine that he is not a Colombian citizen.  The Court has carefully reviewed all of the FSIA's exceptions to immunity and determined that this activity does not fall within any of them.  Accordingly, the Colombian Consulate is immune and the Court lacks subject matter jurisdiction over Mr. Morelo's claims against it.

REPORT AND RECOMMENDATION - 2

B.     Claims against Consul General Silva-Robayo

Consul General Silva-Robayo is immune from Mr. Morelo's suit under the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77.  Article 43 of the Vienna Convention states in relevant part:  "Consular officers and consular employees shall not be amenable to [suit in the United States] in respect of acts performed in the exercise of consular functions."  Thus, jurisdiction can be gained over consular officers only with respect to acts that do not constitute "consular functions."  The term "consular functions" is defined in Article 5 and includes:

> (a) protecting in the receiving State the interests of the sending State and of its nationals, both individuals and bodies corporate, within the limits permitted by international law; . . . (d) issuing passports and travel documents to nationals of the sending State . . . ; [and] (m) performing any other functions entrusted to a consular post by the sending State which are not prohibited by the laws and regulations of the receiving State or to which no objection is taken by the receiving State or which are referred to in the international agreements in force between the sending State and the receiving State.

Vienna Convention, Art. 5.

As noted above, Mr. Morelo challenges Consul General Silva-Robayo's determination that Mr. Morelo is a Colombian citizen.  While determining citizenship or nationality is not expressly mentioned in Article 5, it is a necessary aspect of protecting the interests of Colombian nationals, Art. 5(a), and issuing travel documents to Colombian nationals, Art. 5(d).  Therefore, the Court concludes that it qualifies as performing "functions entrusted to a consular post by [Colombia] which are not prohibited by the laws and regulations of the [United States]," Art. 5(m).  Because the acts alleged in Mr. Morelo's complaint are consular functions under Article 5 of the Vienna Convention, these acts are protected by consular immunity, and the claims against Consul General Silva-Robayo must be dismissed for lack of subject matter jurisdiction.

REPORT AND RECOMMENDATION - 3

C.     <u>Leave to amend</u>

Generally, leave to amend is freely granted. Leave to amend is not required, however, where amendment would be futile. *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile."). Here, no amendment could change the fact that defendants are immune from suit, and therefore Mr. Morelo should be denied leave to amend. *See Williams v. Ruesch*, 399 Fed. Appx. 229 (9th Cir. 2010) (affirming dismissal without leave to amend where defendant was entitled to absolute immunity).

## CONCLUSION AND RIGHT TO OBJECT

For the foregoing reasons, the Court recommends that Mr. Morelo's complaint and this action be **DISMISSED** with prejudice and without leave to amend. A proposed Order accompanies this Report and Recommendation.

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case. Objections, however, may be filed and served upon all parties no later than **November 17, 2015.** The Clerk should note the matter for **November 20, 2015**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on

\\

\\

REPORT AND RECOMMENDATION - 4

the date the response is due.  Objections and responses shall not exceed eight pages.  The failure to timely object may affect the right to appeal.

DATED this 27th day of October, 2015.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5